# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LLOYD MIDDLETON, JIM WING, and all
others similarly situated,**

                     **Plaintiffs,**

**-vs-**                                                  **Case No. 6:13-cv-386-Orl-28KRS**

**SONIC BRANDS L.L.C.,**

                       **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO APPROVE REVISED SETTLEMENT AND DISMISS WITH PREJUDICE (Doc. No. 21)**
>
> **FILED:**       **July 25, 2013**

## I. PROCEDURAL HISTORY.

Plaintiffs Lloyd Middleton and Jim Wing filed a collective action complaint under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, against their (now former) employer, Defendant, Sonic Brands L.L.C. ("Sonic"), for recovery of alleged unpaid overtime compensation (including deductions for uniform cleaning that improperly reduced the overtime compensation owed to Plaintiffs under the FLSA) on behalf of themselves and similarly situated employees.[1]

---

[1] No other individuals filed consents to join the case.

Doc. No. 1. On June 25, 2013, Plaintiffs and Sonic provided notice to this Court that they had reached a full settlement. Doc. No. 15. They now seek the Court's approval of their revised settlement of claims under the FLSA and dismissal of the case with prejudice. Doc. No. 21.[2] The motion was referred to me for issuance of a Report and Recommendation.

## II.     APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353.[3] "*Lynn's Food* requires the parties to an FLSA compromise to present the proposed agreement to the district court, which may enter a stipulated judgment after scrutinizing the settlement for fairness." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010) (internal quotation and citation omitted).

---

[2] The parties first filed a motion to approve their settlement on July 8, 2013. Doc. No. 17. That motion was denied without prejudice because the parties did not submit a copy of the settlement agreement. The parties then filed a renewed motion to approve their settlement on July 10, 2013. Doc. No. 19. The Court issued a supplemental briefing order, requiring the parties to address certain aspects of the proposed settlement. Doc. No. 20. After the issuance of the supplemental briefing order, the parties submitted another motion to approve their settlement. This motion, filed on July 25, 2013, was supported by a revised settlement agreement that altered some of the potentially problematic terms of the original settlement agreement. Doc. Nos. 21, 21-1. Accordingly, the Court denied the July 10 joint motion to approve settlement as moot. Doc. No. 22. The July 25 motion to approve the revised settlement agreement is the motion currently before the Court.

[3] *Lynn's Food* requires a stipulated judgment. Although the parties have not submitted a proposed stipulated order of judgment, the Court construes their joint motion for approval of the settlement and dismissal of the case with prejudice as a request for such a stipulated judgment.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009).[4] If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount. *See id.* at 351-352; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when "a settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

## III.   ANALYSIS.

### A.   *Revised Settlement Agreement.*

The revised settlement agreement provides that Middleton will receive $2,404.37 for allegedly unpaid overtime and $2,404.37 for alleged liquidated damages. It provides that Wing will receive $2,059.35 for allegedly unpaid overtime and $2,059.35 for alleged liquidated damages. It provides that Middleton and Wing will each receive an additional $100.00, representing additional consideration for a release of claims not asserted in the complaint. This release amounts to a general release of claims, except that it includes a "carve-out" for

---

[4] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

unemployment compensation claims, claims for workplace injuries, and claims for FLSA retaliation. Finally, the revised settlement agreement provides that Plaintiffs will receive a total of $6,000.00 in attorney's fees. Doc. No. 21-1 ¶¶ 1, 3, 6.

Although the owners of Sonic, Scott Holmes and Timothy Sullivan, were not named as Defendants in the lawsuit, the parties represent that Plaintiffs had contemplated including Holmes and Sullivan as Defendants in an amended complaint. Doc. No. 21 at 1. Accordingly, in addition to releasing Sonic, the revised settlement includes Holmes and Sullivan as released parties. Doc. No. 21-1 at 1. The revised settlement agreement provides that, in consideration for Plaintiffs' release of any FLSA overtime claims against Sonic's owners, members, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, and alter egos, Holmes and Sullivan agree to personally guarantee the payments due under the revised settlement agreement. *Id.* ¶ 18.

Regarding payment, the revised settlement agreement provides that Plaintiffs will receive payment for the allegedly unpaid overtime and the $100.00 payment constituting consideration for the release of claims not asserted in the complaint within ten (10) business days following Court approval of the agreement. It provides that Plaintiffs will receive payment for the alleged liquidated damages within thirty (30) calendar days after the first installment is due. Finally, it provides that payment for attorney's fees will be provided within sixty (60) calendar days after the second installment is due. *Id.* ¶ 2.

In response to the Court's interrogatories, Middleton asserted that he was owed $2,404.37 for allegedly unpaid overtime and $2,404.37 for alleged liquidated damages. Doc. No. 14-1. Wing asserted that he was owed $2,059.35 for allegedly unpaid overtime and $2,059.35 for

-4-

alleged liquidated damages. Doc. No. 14-2.[5] Based on these responses and the terms of the settlement agreement, Middleton and Wing will receive all of the FLSA overtime compensation and liquidated damages arguably due, as well as attorney's fees, additional compensation for the execution of a release of claims not alleged in the complaint, and a personal guarantee of payment from Sonic's owners for a release of claims against Sonic's owners, members, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, and alter egos.

      B.      *Whether the Settlement is Fair and Reasonable.*

"If judicial scrutiny confirms that the parties' settlement involves no compromise [of the employee's claim], the district court should approve the settlement and dismiss the case." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350 (M.D. Fla. 2010). "The Court is aware of the view expressed by some judges in the district that a non-cash concession by an employee, such as a confidentiality provisions or a broad release clause, affects both the 'fairness' and the 'full compensation' component of the settlement, and thus requires (and often precludes) a fairness finding, even when all monetary compensation owed is paid in full." *Jarvis v. City Elec. Supply Co.,* No. 6:11-cv-1590-Orl-22DAB, 2012 WL 933057, at *5 (M.D. Fla. Mar. 5, 2012), report and

---

[5] Middleton's interrogatory responses actually state that he was owed $2,404.37 more than he had actually been paid and stated, in response to a query regarding the total amount he claimed, "Liquidated damages of approximately $4808.74 as of this filing." Doc. No. 14-1 at 2. Likewise, Wing's responses asserted that he was owed $2,059.35 more than he had been paid and described the total amount he claimed as "Liquidated damages of approximately $4118.70." Doc. No. 14-2 at 2. The parties represent that these responses constituted a claim that Middleton was owed $2,404.37 in unpaid overtime and $2,404.37 in liquidated damages, and that Wing was owed $2,059.35 for unpaid overtime and $2,059.35 in liquidated damages. Doc. No. 21 at 3. Although not as clearly stated as they might have been, the responses regarding the total amount claimed appear to have been intended to claim a total of $4,808.74 and $4,118.70, respectively, once the claimed back wages were doubled to account for liquidated damages under the FLSA.

recommendation adopted, 2012 WL 933023 (M.D. Fla. Mar. 20, 2012) (internal quotation and citation omitted); *see also Dees*, 706 F. Supp. 2d at 1240 ("[I]f the parties' proposed 'full compensation' agreement includes an additional term-such as forbearance of a valuable right of the employee . . . -the notion of 'full compensation' becomes illusory and inapplicable."). The Eleventh Circuit has not determined whether a fairness finding is required when an FLSA plaintiff receives full compensation but also gives up a valuable right in a settlement agreement. Judges within this district appear to be split on the issue. *Compare Jarvis*, 2012 WL 933057, at *5-6, *with Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 WL 868804, at *4 (M.D. Fla. Mar. 14, 2012) and *Dees*, 706 F.Supp.2d at 1240.

A number of cases have approved settlement agreements when the employee received additional consideration in exchange for concessions to the employer that were beyond the FLSA claim. *See, e.g., Irizarry v. Percepta, LLC*, Case No. 6:12-cv-1141-37KRS, Doc. No. 43 (M.D. Fla. June 20, 2013), report and recommendation adopted at Doc. No. 44 (M.D. Fla. July 10, 2013) (approving a settlement agreement where employee received separate monetary compensation in exchange for agreeing to a general release and other concessions); *Bacorn v. Palmer Auto Body & Glass, LLC*, No. 6:11-cv-1683-Orl-28KRS, 2012 WL 6803586 (M.D. Fla. Dec. 19, 2012), report and recommendation adopted, 2013 WL 85066 (M.D. Fla. Jan. 8, 2013) (approving a settlement agreement where employee signed a general release in exchange for a mutual release from employer); *Bright*, 2012 WL 868804, at *5 (approving the settlement agreement as to one employee who signed a general release in exchange for the employer foregoing its counterclaims against her); *Vergara v. Delicias Bakery & Rest., Inc.*, No. 6:12-cv-150-Orl-36KRS, 2012 WL 2191299, at *2-3 (M.D. Fla. May 31, 2012), report and recommendation adopted, 2012 WL

2191492 (M.D. Fla. Jun. 14, 2012) (approving settlement where general release by employee was exchanged for a mutual release by employer); *Rappaport v. Embarq Mgmt. Co.*, No. 6:07-cv-468-Orl-19DAB, 2008 WL 4642593, at *2 (M.D. Fla. Oct. 17, 2008) (approving settlement agreement where employee received separate monetary compensation in consideration for signing a general release). The Court finds these cases to be persuasive and applicable to the instant case. Because substantial consideration above that arguably due under the FLSA is being paid and Plaintiffs are receiving separate consideration for their release of FLSA claims against Sonic's owners, the release of claims not asserted in the complaint does not render the settlement unfair or unreasonable.

Finally, because Middleton and Wing will receive all of the FLSA compensation arguably due, the Court need not consider whether the attorney's fees paid under the settlement agreement are reasonable because they did not "taint" the amount Middleton and Wing agreed to accept to settle the case.

## IV. RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Court do the following:

1. **GRANT** the Motion to Approve Revise Settlement Agreement and Dismiss with Prejudice (Doc. No. 21), and **FIND** that the settlement is a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

2. **PROHIBIT** counsel for Plaintiffs from withholding any amounts payable to Plaintiffs under the settlement agreement pursuant to a contingent fee agreement or otherwise;

3. **ORDER** counsel for Plaintiffs to provide a copy of the Court's Order to Plaintiffs; and,

   4.  **DISMISS** the case with prejudice.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 22, 2013.

              *Karla R. Spaulding*
              KARLA R. SPAULDING
            UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy